**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**INSPIRED TECHNOLOGIES, INC.,**
           **Plaintiff,**

**-vs-**                                                    **Case No. 6:09-cv-289-Orl-31GJK**

**INTERTAPE POLYMER CORP.,**
           **Defendant.**
_____

## ORDER

On August 12, 2010, Inspired Technologies, Inc. (ITI) filed a Motion to Strike and for Sanctions (Doc. 113) against Intertape Polymer Corp. (Intertape) with supporting memorandum (Doc. 115). Sanctions are sought based on alleged discovery and pleading abuses by Intertape. Intertape opposed the Motion (Doc. 122). On September 13, 2010, the Court denied the Motion to Strike, but reserved ruling on the sanctions portion of the Motion (Doc. 138).

After trial, ITI filed another motion for sanctions based on the conduct of Intertape's counsel during trial (Doc. 200). This motion was contained within ITI's Motion for Costs and Fees, which the Court granted, in part, on December 7, 2010 (Doc. 235).[1] ITI seeks a total of $105,531 as a sanction for Intertape's alleged misconduct.[2] Intertape opposes the motion (Doc. 211).

This was a complex and difficult case. Certain claims by both parties were resolved prior to trial and the parties were realigned for the jury trial. During the trial, counsel for Intertape

---

[1] The sanctions portion of the Motion was reserved.

[2] ITI seeks a monetary sanction against Intertape's counsel under 28 U.S.C. 1927.

engaged in conduct which the Court found objectionable. As a result, the Court was compelled to give the jury curative instructions to ameliorate the prejudice caused ITI by said conduct.

While the Court still believes that the trial conduct of Intertape's counsel was improper and sanctionable, the Court declines to assess a monetary sanction against Intertape or its counsel.[3] Any prejudice to ITI was cured by the instructions to the jury and the efficacy of this cure is evident in the jury's verdict. Furthermore, Intertape's counsel heeded the Court's admonition. The proceedings were not significantly multiplied by this incident such that a monetary sanction is warranted. Accordingly, it is

**ORDERED** that the sanctions portion of ITI's Motions at Doc. 115 and 200 are DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 8, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[3] The Court does not find Intertape's pre-trial conduct to be sanctionable. Thus, the reserved portion of the motion at Doc. 115 will be denied.